Dear Mayor Hollingsworth:
You requested an Attorney General's opinion regarding payments owed to the Town of Elton ("Town") by the Housing Authority. In your request, you indicated that the payments due were for unpaid ad valorem taxes. However, per our telephone conversation, the amounts due are actually payments in lieu of taxes. You indicated that the Housing Authority in Elton owes the Town payments for several years. The Manager of the Housing Authority has asked the Town to waive these payments, and has asserted that other towns have waived the payments. The Town's auditor has advised you that it would be illegal to waive these sums due. You question whether it would be legal for the Town to waive the sums owed by the Housing Authority. You question whether the Town may waive these payments.
The Housing Authority is exempt from the payment of any taxes and fees pursuant to La. R.S. 40:490, which states:
 A. All evidences of indebtedness of an authority are issued for a public purpose, are public instrumentalities, and, together with the interest and income thereon, are exempt from taxes. An authority is exempt from the payment of any taxes or fees to the state or any subdivision thereof or to any officer or employee of the state or any subdivision thereof. The property of an authority is exempt from all taxes of the municipality or parish and from all other local taxes.
 B. However, except in the parish of East Baton Rouge, unless otherwise provided in Subsection C of this Section, the municipality or parish may:
 (1) Fix a sum which shall be paid to it annually by an authority for each housing project located therein;
 (2) Agree with an authority or government upon the sum to be paid by the authority for any year or years for a housing project or projects located therein;
 (3) Accept or agree to accept a fixed sum or other consideration in lieu of any such payment for any year or years; or
 (4) Agree that the authority shall not pay or be liable to pay any sum for housing projects located therein.
 C. Notwithstanding the provisions of Subsection B of this Section, any parish with a population of in excess of three hundred fifty thousand persons but not exceeding four hundred twenty thousand persons, according to the most recent federal decennial census, and any municipality or school board in the parish may exercise any of the powers granted in Subsection B of this Section. A housing authority in any such parish shall make payments in lieu of taxes to a school district in which the housing authority is located.
As can be gleaned from the above, the Town has several options regarding the sums to be paid by the Housing Authority:
 1. The Town may fix a sum to be paid annually by the Housing Authority;
 2. The Town may agree with the Housing Authority on a sum to be paid for any year or years;
 3. The Town may accept or agree to accept a fixed sum or other consideration in lieu of such payment for any year or years; or 4. The Town may agree that the Housing Authority shall not pay or be liable to pay any sum.
Pursuant to this statute, the Town may agree that the Housing Authority shall not pay or be liable for any sum. Therefore, it is the opinion of our office that the Town of Elton may agree to waive sums which are owed by the Housing Authority.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: KENNETH L. ROCHE, III Assistant Attorney General